## RICE v. MALONE.

SALES—CONTRACTS—CONSTRUCTION—INSTRUCTIONS.

In an action for goods sold and delivered, under the terms of a written contract for the sale of certain articles of jewelry, in which it was agreed that it contained all the conditions and agreements between the parties; that the buyer would not countermand the order; that the goods should be shipped by express, to become the property of the buyer on delivery in good order to the transportation company; that the seller guaranteed that the purchaser would sell within one year an amount at retail equal to 1½ times the amount of the order; that if the sales were less than that amount the seller would buy back for cash at the purchase price all goods remaining on hand at the end of the year; and that the guaranty was given on condition that the purchaser should keep the goods displayed for sale and furnish the seller every two months an itemized list of all goods on hand. *Held*, that an instruction that plaintiff was bound to furnish goods of such quality as would sell at retail at the price mentioned as the "retail price" at the head of one of the columns of the order, reads into the contract an agreement not contained therein, and was prejudicial to plaintiff's rights.

Error to Saginaw; Gage (Chauncey H.), J. Submitted January 11, 1909. (Docket No. 54.) Decided March 30, 1909.

Assumpsit by Elver L. Rice against J. C. Malone for goods sold and delivered. There was judgment for defendant, and plaintiff brings error. Reversed.

*George C. Ryan*, for appellant.

*Kendrick & Harris* (*James H. Davitt*, of counsel), for appellee.

MOORE, J. Plaintiff is a wholesale jeweler. Defendant conducts a general store at Fosters, Saginaw county, Mich. In the spring of 1906 an agent of the plaintiff

called upon defendant with a line of samples, and took a written order for a bill of goods. The plaintiff accepted the order and forwarded the goods. The defendant refused to receive them. Later this suit was brought. A trial was had before a jury, which returned a verdict for defendant. The case is brought here by writ of error.

There are a good many assignments of error. It is not necessary to discuss all of them. The contract between the parties was in writing. The material parts thereof are as follows:

"READ THIS ORDER CAREFULLY.

"Solid Gold Shell and Filled Rings.   ( Class No. 1.)

|  | Per Doz. | Amt. | Retail Each. |
|---|---|---|---|
| ½ doz. gold filled band_____ | $3 00 | $1 50 | $ 50 |
| 1 doz. gold filled asstd. settings_____ | 4 50 | 4 50 | 75 |

[Then follows a list of four pages of articles.]
"WARRANTY.—Any article of jewelry in this assortment not giving entire satisfaction to the user may be returned to us any time within five years from date of purchase, and we will repair or furnish a new duplicate article in its place.   *   *   *

"IMPORTANT CONDITIONS.—In consideration of the conditions under which we sell our goods, we cannot accept countermands, and the purchaser hereby agrees not to countermand this order, either before or after it is received by us. This contract contains all the conditions and agreements between the parties, and no agreement is binding unless expressed in original order received by us. Purchaser hereby acknowledges receipt of a duplicate hereof. Jewelry is shipped by express and when we deliver goods to transportation company in good order they become the property of the purchaser, subject to all the conditions and safeguards contained herein, and cannot be returned for credit. Purchasers pay all transportation charges. All goods are shipped at our earliest convenience.

"SALES GUARANTEED.—We guarantee that the purchaser will sell a quantity of jewelry which at retail will equal at least one and one-half times the amount of this order within one year from the date of purchase. If the

sales are less than the above we agree to buy back for cash, at the purchase price, all goods bought of us and remaining on hand at the end of the year. This guaranty is given on condition that purchaser will keep this assortment displayed for sale and will furnish us every two months between the first and the fifth of the month, an itemized list of all goods on hand. * * *

"American Standard Jewelry Company,
"Detroit, Michigan."

"April 3, 1906.

"*Gentlemen:* Please ship about 2–3 of the goods described herein, which we hereby purchase on the above terms and conditions. We have read this order carefully and find same contains all the conditions agreed upon.
"Order No. 1262.

"Signature of Purchaser, J. C. Malone.
"J. S. Brooks. P. O., Burt. State, Mich.
(Salesman.)
"Name of Express Office, A. M.
"Name of Freight Station, Fosters.

"No Goods Shipped on Consignment.

"705          Copyrighted 1905 by
"American Standard Jewelry Co.
"One show case 60x28x17 and suitable trays free of charge except transportation from factory; $25.00 in goods free at retail prices."

As before stated, the order was accepted and the goods forwarded.

The trial judge properly held that it was his duty to construe the contract. He charged the jury in part as follows:

"It is the duty of the plaintiff, in order to maintain his action, to show by preponderance of the testimony on his part that he did ship from Detroit, under the contract, two-thirds in quantity of the goods described in this written and printed contract, and that they were of the character and description mentioned in the contract, and also that they were of sufficient value, and that they would retail in open market at the price mentioned in the third column. That is the view the court takes of the contract. In other words, to illustrate, perhaps, in a more simple

way, we will suppose that only one article was ordered, and that article was a locket. And I will read now from the contract: 'One-half dozen gold-filled, engraved front lockets.' Supposing he had ordered two-thirds of a half dozen of just that single article. He would then have said practically to the American Standard Jewelry Company, or Mr. Rice: 'Mr. Rice, send me by express two-thirds of a half dozen gold filled, engraved front, lockets, at a price of twelve dollars per dozen, so far as the price is concerned that I am to pay to you; but it is of such a quality and value as will retail in the open market at $2 a piece.' I use this one line only to illustrate what I mean, because the retail price is stated here, and that is the order given by Mr. Malone, that the goods shall be of such a quality and character that they will retail each at that price. As I said before, it was the duty of the plaintiff to select from this stock articles that were of the character, and that would compare with the description, and would be of the value of the statement in this printed form. Before he can recover, he is bound to establish, by a preponderance of the testimony, as I have remarked, that he did select and ship—for it was all left for him to do—the amount and quality of the goods described in the contract. The real issue in this case is: Did he do so?"

Is this a proper construction to put upon the contract? Are the words "Retail Each" at the head of one of the columns of the order a representation as to value of the goods ordered that would leave it, in case of a question arising, for a court or jury to decide whether the goods, in fact, would bring at retail the price there stated? We think that is not a fair interpretation of the contract. The contract in effect is, as to those parts in controversy here, that the defendant orders from the plaintiff goods at certain prices which are to be continuously offered for sale by him at certain retail prices, and plaintiff guarantees that defendant will sell a certain quantity within one year, and, if the defendant does not do so, that plaintiff will buy back for cash at the purchase price all goods unsold. The purchaser agreed not to countermand his order, that the goods should become his when delivered to the express company, and that the contract contained all of the agree-

ment between the parties. The interpretation put upon the contract by the trial judge read into it agreements which it did not contain. The plaintiff was entitled to an instruction in his favor for the amount of the order and interest.

The judgment is reversed, and a new trial ordered.

Blair, C. J., and Grant, Montgomery, and Ostrander, JJ., concurred.